IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: STANLEY JOSEPH CATERBONE, | : | |
| | : | |
| Movant. | : | CIVIL ACTION NO. 16-mc-49 |
| | : | |
| | : | BANKRUPTCY NO. 16-10517 |

## MEMORANDUM OPINION

Smith, J.                                                                                                                                May 16, 2016

The *pro se* movant, Stanley Joseph Caterbone ("Caterbone"), has filed a motion for application for leave to appeal the order of United States Bankruptcy Judge Richard E. Fehling dated and entered on February 18, 2016. Doc. No. 1. On the second page of this motion, Caterbone "REQUEST[S] THAT THE ABOVE CAPTIONED CASE AND THE ORDER TO DISMISS AS A RESULT OF THE HEARING BEFORE THE HONORABLE JUDGE FEHLING ON FEBRUARY 17$^{TH,}$ 2016 BE APPEALED TO THE U.S. DISTRICT COURT OF EASTERN PENNSYLVANIA." Motion for Appl. for Leave to Appeal the Order of the Bankruptcy Judge Dated and Entered on February 18, 2016 ("Motion") at 2.[1] He also requests leave to proceed *in forma pauperis*. *Id.*

Caterbone attaches multiple documents to the motion. The first document is a handwritten "mail log" in which he appears to reference documents sent from "Fairmount Behavioral" from "2/19/2016 to _____." *Id.* at 3. The second document appears to be a letter from Caterbone to the facility administrator of Fairmount Behavioral Health in which he asserts his rights to immediate release. *Id.* at 4-6. The third document is a document titled "AMEND [SIC] REINSTATEMENT OF HABEAS CORPUS RECORDED ON FEBRUARY

---

[1] The court uses the CM/ECF page numbers when citing to pages in this document.

26, 2016 AT 3:41 PM DOCKET ITEM #19."[2]  *Id.* at 7.  In this document, Caterbone includes a proposed order that would grant his release from custody (presumably at the Fairmount Behavioral Health facility).  *Id.*  The final document is a copy of the docket entries in the underlying bankruptcy matter.  *Id.* at 8-12.  This is the only document that would seem to directly pertain to the motion for leave to appeal.

Unfortunately, Caterbone has not attached a copy of the order from which he seeks to appeal to the motion.[3]  Nonetheless, as indicated above, it appears that Caterbone seeks leave to appeal from a February 18, 2016 order by the Honorable Richard E. Fehling.  *Id.* at 1-2.  The docket entries attached to the motion contain the following entry on February 18, 2016:

> Show Cause Hearing Held and Concluded, re: Why this case should not be DISMISSED for Debtor's failure to obtain Credit Counseling and Why this case should not be DISMISSED for Debtor's failure to appear at Chapter 11 Status Conference.  (**BENCH ORDER ENTERED** *DISMISSING* case for failure to obtain credit counseling.)

*Id.* at 12 (emphasis in original).  Through this entry, it appears that (1) Caterbone filed a Chapter 11 bankruptcy petition, and (2) Judge Fehling dismissed the petition on February 18, 2016, because Caterbone failed to obtain credit counseling.  *Id.*

This information is pertinent to the court's disposition of the motion for leave to file an appeal because Caterbone would require leave of court only if he was appealing from an interlocutory order or decree.  *See* 28 U.S.C. § 158(a)(3) ("The district courts of the United States shall have jurisdiction to hear appeals . . . **(3)** with leave of court, from other interlocutory orders and decrees.").  If he was actually seeking leave of court, he would have had to file a motion that comported with Rule 8004 of the Federal Rules of Bankruptcy Procedure.  *See* Fed. R. Bankr. P. 8004(a), (b) (setting forth requirements for filing a motion for leave to appeal from

---

[2] This document contains another caption and docket number: *Caterbone v. Fairmount Behavioral, et al.*, No. 15-3984.

[3] The court will discuss this failure in more detail later in this opinion.

an interlocutory order or decree).  In addition, this court would have had "discretion to entertain" the appeal.  *In re Philadelphia Newspapers, LLC*, 418 B.R. 548, 556 (E.D. Pa. 2009).

Here, even though Caterbone failed to attach a copy of the February 18, 2016 order, it appears that he is seeking to appeal from the February 18, 2016 order that dismissed his chapter 11 bankruptcy petition.  *See* Motion for Appl. for Leave to Appeal the Order of the Bankr. Judge Dated and Entered on February 18, 2016 at ECF pp. 1, 2, 8-12, Doc. No. 1.  This February 18, 2016 order would be a final order and not an interlocutory order.  *See, e.g.*, *In re First Conn. Consulting Grp., Inc.*, 340 B.R. 210, 213 (D. Ver. 2006) ("A bankruptcy court's dismissal of a Chapter 11 case is a final order.").  As such, Caterbone could have filed an appeal from the February 18, 2016 order as a matter of right and, as such, he did not have to obtain leave of court before filing a notice of appeal.  See 28 U.S.C. § 158(a)(1) (providing that district courts have jurisdiction to hear appeals from final judgments, orders, and decrees).  Simply put, Caterbone should have filed a notice of appeal instead of filing a motion for leave to appeal.

Under Rule 8003(a)(2) of the Federal Rules of Bankruptcy Procedure, "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2).  Because Caterbone is proceeding *pro se*, the court will construe the motion for leave to appeal as a notice of appeal.[4] The problem for Caterbone is that the motion for leave to appeal does not meet the requirements of Rule 8003 of the Federal Rules of Bankruptcy Procedure, which sets forth the requirements for, *inter alia*, how litigants take appeals as of right.  In particular, Rule 8003(a)(3) addresses the required contents of a notice of appeal and states: "The notice of appeal must:  **(A)** conform

---

[4] If the court treated it as a motion for seeking leave to appeal, the court would have denied the motion because it failed to satisfy the requirements of Rules 8004(a) and (b) of the Federal Rules of Bankruptcy Procedure.

substantially to the appropriate Official Form; **(B)** be accompanied by the judgment, order, or decree, or the part of it, being appealed; and **(C)** be accompanied by the prescribed fee." Fed. R. Bankr. P. 8003(a)(3).

With regard to the first requirement, it appears that the applicable official form is Form Number B 417A. *See* United States Courts, Services and Forms, http://www.uscourts.gov/forms/appellate-forms/notice-appeal-and-statement-election (last visited May 12, 2016).[5] While the first two pages of Caterbone's motion do not look anything like Official Form 417A, the court finds that considering the totality of the motion, it substantially conforms with the official form because it contains almost all of the information sought in the form.

As for the second requirement, Caterbone (as indicated earlier) did not attach a copy of the order being appealed. *See* Fed. R. Bankr. P. 8003, advisory committee note to 2014 amendments (stating that subdivision (a) "now requires that the judgment, order, or decree being appealed be attached to the notice of appeal"). The court has not located any case in which a federal court has interpreted this failure, standing alone, to warrant dismissal of a bankruptcy appeal under now-Rule 8003(a)(2). *Cf. Colvin v. Amegy Mortg. Co., LLC*, 537 B.R. 310, 316 (W.D. Tex. 2015) (exercising discretion under Rule 8003(a)(2) to dismiss bankruptcy appeal where appellant failed to attach copy of order being appealed *and* had "other pleading failures in th[e] case"). Because the motion and the docket entries demonstrate that Caterbone is appealing from the February 18, 2016 order dismissing his chapter 11 bankruptcy petition, the court will

---

[5] According to the website, the form became effective on December 1, 2015, and it replaced prior Official Form 17A. *See* United States Courts, Services and Forms, http://www.uscourts.gov/forms/appellate-forms/notice-appeal-and-statement-election (last visited May 12, 2016). The court attaches a copy of the form to this opinion for ease of reference.

not impose the harsh result of dismissal even though he failed to attach a copy of the order complained of to his motion.[6]

Concerning the final requirement, Caterbone requests that he be permitted to appeal *in forma pauperis* via a single sentence in the motion.  Motion at 2.  Despite the request, Caterbone provides no information about his financial status to warrant a finding that he is incapable of paying the fees to appeal.[7]  *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) (explaining that to obtain leave to proceed *in forma pauperis*, "the litigant . . . must establish that he is unable to pay the costs of his suit").  Therefore, the court cannot grant his request to proceed *in forma pauperis* at this time.  Nonetheless, the court will provide Caterbone with a period of time to file a proper *in forma pauperis* application.

In addition to converting the motion for leave to appeal into a notice of appeal and providing Caterbone with additional time to submit a proper, completed *in forma pauperis* application, the court will also require Caterbone to remedy the record to reflect the filing of a bankruptcy appeal in this case.  In this regard, the court will require Caterbone to (1) comply with Rule 8009(a) of the Federal Rules of Bankruptcy Procedure by "fil[ing] with the bankruptcy clerk and serv[ing] on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented[;]" and (2) "order in writing from the reporter, as defined in Rule 8010(a)(1) [of the Federal Rules of Bankruptcy Procedure], a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk" or "file with the

---

[6] In addition, it appears that Caterbone was being involuntarily housed in a mental health facility at the time he filed the motion for leave to appeal.

[7] The certified copy of the docket entries in this case indicates that on January 27, 2016, the bankruptcy court granted Caterbone's application to pay the filing fees in installments.  Motion at 9.  It appears that Caterbone then filed a motion to proceed *in forma pauperis* on February 5, 2016, which the bankruptcy court denied on February 8, 2016.  *Id.* at 11.

bankruptcy court a certificate stating that [he] is not ordering a transcript." Fed. R. Bankr. P. 8009(a)(1)(A), (b)(1).

There is one final issue that Caterbone will have address before this case can proceed. According to the docket entries, Caterbone filed the motion for leave to appeal on March 4, 2016, which was 15 days after the February 18, 2016 order dismissing the case.

Appeals from bankruptcy court orders and judgments "shall be taken . . . in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Rule 8002(a) requires that "[t]he notice of appeal shall be filed with the clerk ***within 14 days of the date of the entry of the judgment, order, or decree appealed from***." Fed. R. Bankr. P. 8002(a).

An appellant's failure to timely file a notice of appeal from the complained-of decision of the bankruptcy court implicates the district court's subject-matter jurisdiction over the appeal. *See In re Caterbone*, 640 F.3d 108, 111-13 (3d Cir. 2011) (determining that "28 U.S.C. § 158(c)(2)'s incorporation of the filing timeline in Rule 8002(a)" signifies that "the time requirement for filing a bankruptcy appeal is jurisdictional" and concluding that the district court lacked jurisdiction to hear the appellant's appeal from the bankruptcy court's order dismissing his Chapter 11 bankruptcy petition because he failed to timely file the notice of appeal);[8] *see also In re Berman-Smith*, 737 F.3d 997, 1002 (5th Cir. 2013) ("Since the statute defining jurisdiction over bankruptcy appeals, 28 U.S.C. § 158, expressly requires that the notice of appeal be filed under the time limit provided in Rule 8002, we conclude that the time limit is jurisdictional."); *In re Latture*, 605 F.3d 830, 837 (10th Cir. 2010) (concluding that Section 158(c)(2) "determin[es] jurisdiction by incorporating the time limits prescribed in Rule 8002(a)").

On its face, the motion for leave to appeal (which the court has construed as a notice of appeal) is untimely insofar as it was filed one day after the 14-day period concluded.

---

[8] Caterbone should be familiar with this decision as it involves one of his prior bankruptcy matters.

Accordingly, the court will require Caterbone to show cause why the court should not dismiss the appeal for lack of subject-matter jurisdiction.

A separate order follows.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.
